IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA NARAMANIAN | : | |
|     Plaintiff, | : | |
| | : | **CIVIL ACTION NO. 07-CV-4757** |
| v. | : | |
| | : | and |
| | : | |
| GREYHOUND LINES, INC. | : | **CIVIL ACTION NO. 07-CV-5222** |
| and NING XU | : | |
|     Defendants. | : | |
| **RAUL ORTIZ, MARIAH ORTIZ,** a minor, by and through her parent and guardian, Raul Ortiz, **NANCY VELAZQUEZ, and JENNIFER MORENO**, a minor by and through her parent and guardian Nancy Velazquez | : : : : : | **CIVIL ACTION NO. 07-CV-5312** |
|     Plaintiffs, | : | and |
| | : | |
| v. | : | **CIVIL ACTION NO. 07-CV-4758** |
| | : | |
| GREYHOUND LINES, INC. | : | |
| and NING XU | : | |
|     Defendants. | : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                   **November \_\_\_ , 2010**

    Presently before this Court is Defendants' Motion for Leave to Join Third-Party Defendant Sara Naramanian (Civil Action No. 4757, Doc. 22) to Civil Action No. 07-cv-4758, Naramanian's Response in Opposition thereto and New Matter (Civil Action No. 4757, Doc. 26), and Defendants' Response to Naramanian's New Matter (Civil Action No. 4757, Doc. 27). For the reasons stated below, the Court grants Defendants' Motion.

### BACKGROUND

    Plaintiffs initiated these consolidated actions against Defendants for personal injuries

sustained as a result of a motor vehicle accident.[1] Plaintiff Sara Naramanian is a resident of Pennsylvania. Plaintiffs Raul Ortiz, Mariah Ortiz, Nancy Velazquez and Jennifer Moreno ("Ortiz Plaintiffs") are also residents of Pennsylvania. Defendant Greyhound Lines, Inc. ("Greyhoumd") is a Delaware corporation. Defendant Ning Xu is a resident of Delaware.

The facts giving rise to Plaintiffs' Complaints are as follows. On or about November 13, 2005, the Ortiz Plaintiffs were passengers in a 2002 Toyota Camry driven by Naramanian, which was traveling southbound on the New Jersey Turnpike near Moorestown, New Jersey. Defendant Xu, an employee of Defendant Greyhound, was operating a Greyhound bus when the bus allegedly struck the Plaintiffs' vehicle. Plaintiffs allege that Defendant Xu was operating the bus at an excessively high speed and lost control of the vehicle. All Plaintiffs claim they suffered various physical injuries as a result of the accident.

On November 13, 2007, Naramanian filed a Complaint (Civil Action No. 07-4757, Doc. 1) against Defendants in federal court for negligence.[2] Naramanian seeks $150,000.00 in damages plus interests and costs against Defendant Xu and $150,000.00 in damages plus interests and costs against Defendant Greyhound. On November 4, 2008, Defendants filed an Answer (Civil Action No. 07-4757, Doc. 17) generally denying the allegations in Naramanian's Complaint.

On November 13, 2007, the Ortiz Plaintiffs also filed a Complaint (Civil Action No. 07-4758, Doc. 1) in federal court against Defendants for negligence.[3] Each Plaintiff in the Ortiz

---

[1] On December 9, 2008, the Court consolidated all four of the above-captioned cases under Civil Action No. 07-4757.

[2] On December 11, 2007, Defendants removed an identical case which had been filed by Naramanian in state court (Civil Action No. 07-5222) to federal court.

[3] On December 18, 2007, Defendants removed an identical case which had been filed by the Ortiz Plaintiffs in state court (Civil Action No. 07-5312) to federal court.

matter seeks an amount in excess of $75,000.00 in damages plus interests and costs. Defendants filed an Answer (Civil Action No. 07-4758, Doc. 6) generally denying the allegations in the Ortiz Plaintiffs' Complaint on September 17, 2008. The matter was placed on the arbitration track, but the Arbitration Hearing scheduled for January 5, 2009 was cancelled. A Rule 16 Conference was then scheduled for February 10, 2009, but that conference was also cancelled.

On June 1, 2009, Defendants filed a Motion for Leave to Join Naramanian as a Third-Party Defendant in the Ortiz case (Civil Action No. 07-4757, Doc. 22). On June 18, 2009, the Court granted the motion as unopposed (Civil Action No. 07-4757, Doc. 23). In an Order dated July 7, 2009 (Civil Action No. 07-4757, Doc. 25), in response to a joint stipulation of the parties allowing Plaintiffs to respond, the Court vacated the June 18, 2009 Order and granted Plaintiffs seven days to respond. On July 13, 2009, Naramanian filed a Response in Opposition to Defendants' Motion and New Matter (Civil Action No. 07-4757, Doc. 26). On July 14, 2009, Defendants filed a Response to Naramanian's New Matter (Civil Action No. 07-4757, Doc. 27). The court now addresses this pending motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 14(a) permits a defendant to file a third party complaint against a nonparty "who is or may be liable to [the defendant] for all or part of the claim against [the defendant]." The purpose of Rule 14(a) is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all of the interested persons in one suit." Glens Falls Indem. Co. v. Atl. Bldg. Corp., 199 F.2d 60, 63 (4th Cir. 1952). A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to

the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff. FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994).

Whether to allow a party to file a third-party complaint is within the sound discretion of the trial court. Bike v. Am. Motors Corp., 101 F.R.D. 77, 78 (E.D. Pa. 1984). A rule 14(a) motion should be "freely granted to promote . . . efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Scobie v. Waco Equip. Co., et al., No. 03-1224, 2008 WL 1943551, at * 1 (W.D. Pa. May 1, 2008) (citing Hicks v. Long Island R.R., 165 F.R.D. 377, 379 (S.D.N.Y. 1996)). "[A]lthough impleader may cause prejudice due to the need for additional discovery, that prejudice is sufficiently outweighed by the benefits of more efficient litigation to be gained by permitting impleader." McCurdy v. Wedge Wood Capital Mgmt., Co., No. 97-4304, 1999 WL 554590, at * 2 (E.D. Pa. July 16, 1999) (citing Hicks, 165 F.R.D. at 379).

## DISCUSSION

In deciding whether to grant Defendants' Motion to Join Third Party Defendant, the Court must address two issues: (1)whether a substantive basis for impleader exists; and (2) whether the equitable factors weigh in favor of impleader. For the reasons discussed below, the Court answers both of these inquiries in the affirmative.

**A. Parties' Contentions**

**I. Defendants' Argument**

To support their argument that impleader is proper in this case, Defendants point to the

fact that all of the consolidated actions arise out of the same automobile accident.[4]  Defendants argue that because Naramanian was the driver of the vehicle carrying the Ortiz Plaintiffs at the time of the accident, (1) she may be liable for causing or contributing to the occurrence of the motor vehicle accident; (2) her conduct may be the proximate cause of the injuries of the Ortiz Plaintiffs; (3) she may be solely liable to the Ortiz Plaintiffs for their injuries; and (4) if Defendants are found negligent, they may be entitled to contribution from her.

Defendants further argue that joining Naramanian would not be prejudicial because she was put on notice of a possible action against her.  To support this argument Defendants note that on November 13, 2007, the Ortiz Plaintiffs named Naramanian as a defendant in Civil Action No. 07-cv-5312, which they filed as a Writ of Summons in the Court of Common Pleas of Philadelphia County.  Defendants also claim that during the deposition of Defendant Xu on February 20, 2009, Naramanian was represented by two attorneys, David Sherman and John Robertson; that both attorneys had a full opportunity to question Xu about the accident; and that Xu testified to facts that would lead a reasonable fact-finder to conclude that the actions and/or omissions of Naramanian proximately caused the accident leading to the Ortiz Plaintiffs' injuries.

---

[4]  Rule 14(a) permits a defendant to join any person "*not a party to the action* who is or may be liable to him for all or part of plaintiff's claims against him." Fed. R. Civ. P. 14(a) (emphasis added).  The Court notes that, despite the consolidation ruling, Naramanian is not a party in the Ortiz v. Greyhound action.  Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).  The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." In re Prudential Sec. Inc. Ltd. P'ships Litig., 158 F.R.D. 562, 571 (S.D.N.Y. 1994).  Consolidation, however, is only a matter of "convenience and economy in administration." Johnson v. Manhattan R. Co., 289 U.S. 479, 497 (1933).  Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Id.; In re Cmty. Bank of N. Va., 418 F.3d 277, 298 n.12 (3d Cir. 2005).  Here, the Naramanian and Ortiz matters were consolidated under Naramanian's case number.  The consolidation of the cases, however, does not make Naramanian a party in the Ortiz v. Greyhound action.  As such, Naramanian is a non-party in the Ortiz v. Greyhound case and her rights must be analyzed from the perspective of a non-party.

Defendants also argue that Naramanian will not be prejudiced by any additional delay because (1) she has not been deposed and has not responded to Defendants' discovery requests; and (2) discovery deadlines have yet to be established by the Court. Finally, Defendants argue that a refusal to grant their request to join Naramanian will cause separate trials of Defendants' claim of contribution from Naramanian, which will essentially be a re-trial of the same action.

### ii. Naramanian's Response and New Matter

Naramanian disagrees and argues that impleader is improper in this case. Naramanian contends that the deposition of Defendant Xu did not establish any liability against her. Naramanian also argues that it has been four years since the accident occurred and at no time did she have any knowledge that she was ever going to be named as a defendant in this case. Naramanian further contends that joinder would be prejudicial because it would further complicate and delay the litigation of the case. To support this argument, Naramanian notes that (1) it would take additional time to marshal evidence concerning the automobile accident; (2) the deposition of Defendant Xu has already taken place; and (3) because the entire strategy of the cases has been developed based on Naramanian being a plaintiff, it would take additional time to strategize the cases based on her being both a plaintiff and a defendant.

### iii. Defendants' Reply

Defendants reassert their position that Naramanian will not be prejudiced if she is added as a third-party defendant. Defendants maintain that little discovery has occurred in this case. Defendants claim that despite the fact that the case is two years old, Plaintiffs have not answered discovery and have only produced the final reports of their treating physicians. Furthermore, Defendants argue, Plaintiffs have yet to be deposed despite numerous attempts of Defendants to

schedule the depositions.

**B. Analysis**

To grant an impleader motion under Rule 14, the court must first find that there exists "some substantive basis in the law for the third-party plaintiff to hold the proposed third-party defendant liable." Kraus v. Kemp Furniture Indus., Inc., No. 93-5777, 1994 WL 196606, at *1 (May 13, 1994). A third-party complaint is proper when it seeks relief under a theory of secondary or derivative liability. Monarch Life Ins. Co. v. Donahue, 702 F. Supp. 1195, 1197 (E.D. Pa.1989). See also Circuit City Stores, Inc. v. Citgo Petroleum Corp., 1994 WL 483463, at *3 (E.D. Pa. Sept. 7, 1994) (holding impleader appropriate where movant seeks contribution, indemnification, "or any kind of derivative liability recognized by the relevant substantive law"). Rule 14(a) makes clear, however, that "allegations that the proposed third-party defendants are *directly liable* to the plaintiff are *not* a proper basis for a third-party complaint . . ." Kraus, 1994 WL 196606, at *2 (emphasis added). To determine if a defendant in a diversity case has a substantive right sufficient to implead a third-party, the court must look to state law. Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 845 (M.D. Pa. 1985).

If the court finds that a substantive basis for impleader exists, the court must then determine if the equitable factors support such a decision. See McCurdy, 1999 WL 554590, at * 1. Courts in this district have identified the following factors that courts should consider in exercising their discretion to grant impleader: "(1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one lawsuit; and (4) whether the evidence,

witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action." Scobie, 2008 WL 1943551, at *1.

### I. Substantive Basis for Impleader

The Court finds that a substantive basis for impleader exists as a result of the Pennsylvania Uniform Contribution Among Joint Tort-feasors Act ("UCATA"), 42 Pa. C.S. § 8321 *et seq*. The UCATA creates a right of contribution between or among "persons jointly or severally liable in tort for the same injury to persons or property." 42 Pa. C.S. § 8322. Parties are joint tortfeasors if they acted together in committing the wrong or if their independent acts united in causing a single injury. Kraus, 1994 WL 196606, at *2.

For example, in Kraus, the mother of the decedent initiated a wrongful death action against the defendant after a dresser designed and manufactured by a company later acquired by the defendant fell on her small child who later died from the injuries sustained. Id. The defendant filed a motion to implead the parents of the decedent, which the Court granted. Id. In determining that a substantive basis for impleader existed, the Court relied on the Pennsylvania UCATA. The Court also stated that "[t]he proposed third-party complaint alleges that the Krauses improperly used the dresser and failed to adequately supervise their daughter. If true, [their] acts or omissions may have been causal factors which combined with the defendant's alleged wrongful acts to lead to [the decedent's] death." Id. The Court went on to explain that "[t]he potential for joint liability creates a possible right of contribution in the defendant and establishes a basis for [impleader.]" Id. Notably, the Court reached this conclusion even after acknowledging that the defendant did not explicitly specify the substantive basis in its motion. Id.

Here, similar to Kraus, Defendants argue that all of the consolidated actions arise out of

the same automobile accident in which Naramanian was one of the drivers. Though not explicitly mentioned, the Court finds that Defendants have invoked the Pennsylvania UCATA by arguing that Naramanian, through her acts or omissions, may have contributed to the occurrence of the motor vehicle accident causing the same injuries to the Ortiz Plaintiffs, and that as a result of her conduct, Defendants may be entitled to contribution from her. As such, the Court finds that because their independent acts may have united in causing the injuries to the Ortiz Plaintiffs, a substantive basis in the law for impleader exists.

### ii. Impleader Factors

The Court also finds that the overall equitable factors weigh in favor of impleader. First, though the timing of Defendant's motion does not appear in favor of granting impleader, the Court is willing to exercise its discretion concerning this factor. Rule 14 provides that a defendant must obtain leave of court if the defendant "files the third-party complaint more than [fourteen] days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Local Rule of Civil Procedure 14.1 provides that "[a]pplications pursuant to Fed. R. Civ. P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after service of the moving party's answer." E.D. Pa. Local R. Civ. P. 14.1(a). These time limits, however, are not cast in stone and "have been treated by this court as guidelines, allowing substantial room for the exercise of discretion." Hornsby v. Johns-Manville Corp., 96 F.R.D. 367, 369 (E.D. Pa. 1982). In fact, impleader motions have been granted well beyond the ninety-day guideline when courts have determined that allowing joinder will neither cause prejudice to the third-party defendant nor unduly delay or complicate the underlying action. See e.g., Darreff v. Raley Downes Servs., No. 93-2728, 1995 WL 465544, at *

2 (E.D. Pa. Aug. 3, 1995) (granting impleader motion filed 18 months after answer was filed).
Here, Defendants filed their Motion to Join Naramanian as a Third-Party Defendant approximately seven months after filing their Answer. The Court, finds, however that allowing impleader four months out of time will not be prejudicial because little discovery in this matter has occurred. In fact, due to the procedural history of this case - its placement on the arbitration track, subsequent removal from arbitration, transfer from another judge's docket, consolidation with other cases, etc. - this case is still in the early stages of litigation. Moreover, for reasons discussed below, the Court finds that allowing impleader will not unduly delay or complicate this matter, but rather, would foster Rule 14's objective of promoting judicial efficiency. As such, the Court finds that the late filing will not foil Defendants' motion to implead Naramanian.

Second, the Court finds that impleader would neither introduce an unrelated controversy nor unduly complicate the case. Controversies are related and less inclined to add complication when the proposed third-party defendant is "directly related to and intertwined with the wrongdoing" alleged in the plaintiff's complaint against the defendant. See FHF Partners v. KMA Fin. Group, LLC, Nos. 05-5309 & 05-6013, 2007 WL 710287, at * 3 (E.D. Pa. Mar. 05, 2007). Courts have reached this conclusion particularly when the claims against the third-party defendant are essentially the same as those alleged in the plaintiff's complaint. Cf. Scott v. Walter Kiddie Portable Equip., Inc., No. 02-1460, 2002 WL 1880521, at *3 (E.D. Pa. 2002) (holding that joinder *would* unduly complicate the trial by altering the legal issues where the plaintiff is suing the defendant for products liability and the defendant proposes to join a third-party for general negligence).

Here, the Ortiz Plaintiffs initiated the negligence action against Defendants for injuries stemming from the November 13, 2005 motor vehicle accident. In Defendants' Motion to Join Naramanian as a Third-Party Defendant, they propose that Naramanian's acts or omissions, as driver of the vehicle carrying the Ortiz Plaintiffs, may have caused or contributed to the same accident. Clearly, joining Naramanian as a third-party defendant would not introduce an unrelated controversy because the sole claim alleged in both complaints, negligence, is the same. Furthermore, the Court is not persuaded by Naramanian's argument that joinder would complicate and delay the litigation of the case by requiring the parties to complete additional discovery and adapt their litigation strategies. It is expected that impleading a third party will add *some level* of complexity. That said, because the sole claims alleged are for negligence stemming from the same car accident, the Court is not persuaded that allowing impleader would raise new or complex factual issues that would *unduly* complicate the matter for trial. This conclusion is bolstered by the fact that little discovery has occurred in this case and discovery in the matter is unlikely to be extensive and complicated.

Third, the Court finds that allowing impleader in this case will avoid circuity of action and settle related matters in one lawsuit, which is the primary purpose of Rule 14. See Dysart v. Marriott Corp., 103 F.R.D. 15, 18 (E.D. Pa.1984) (" F.R.C.P. 14 should be liberally construed to effectuate its intended purpose of 'accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'); id. ("Separate actions would cause a multiplicity of litigation, which would not be economical or beneficial to the court or the litigants." ).

Here, if Naramanian is not joined and the Ortiz Plaintiffs prevailed against Defendants, Defendants would have to bring a separate suit against Naramanian for contribution. Doing so would essentially result in a re-trial of the same action; whereas, trying all the claims in a single proceeding would prevent a duplication of effort for the courts, thereby serving the interests of judicial economy, convenience and fairness to the parties. Thus, the Court concludes that granting impleader would have the effect of promoting the efficiency objective of Rule 14.

Finally, the Court finds that the evidence, witnesses, and legal issues will be substantially the same if Plaintiff Naramanian is joined. Defendants' claims against Naramanian arise from the same vehicle accident and present identical issues of fact and law as the claim raised in the Ortiz Plaintiffs' Complaint. Thus, permitting joinder would not necessitate the introduction of additional, unrelated evidence; new theories of liability unrelated to the Ortiz Plaintiffs' negligence theory; or new witnesses.

Thus, after examining all of these factors and taking into account the policy considerations of Rule 14, the Court finds that impleader is proper in this case.

## **CONCLUSION**

In sum, the Court finds that a substantive basis for impleader exists and the equitable factors weigh in favor of allowing impleader. For these reasons, Defendants' Motion to Join Third-Party Defendant is granted.[5] An appropriate Order follows.

---

[5] The Court notes that "[a]llegations that the proposed third-party defendants are directly liable to the plaintiff are not a proper basis for a third-party complaint" Kraus, 1994 WL 196606, at *2. As such, Defendants' proposed third-party complaint must be amended to comply with this rule.